UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID A. MCARTHUR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:14-CV-1660-SPM |
| ) | |
| MICHAEL S. BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri state prisoner David A. McArthur's ("Petitioner's") Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and Petitioner's motion to hold habeas corpus petition in abeyance (Doc. 23). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 15). For the following reasons, both the petition for a writ of habeas corpus and the motion to hold the petition in abeyance will be denied.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The following background is taken from the Missouri Court of Appeals' opinion affirming the motion court's denial of Petitioner's motion for post-conviction relief:

> Viewed in the light most favorable to the verdict, the evidence at trial revealed the following: [Petitioner] lived with his wife and her two children, Victim One and Victim Two. When Victim One was approximately nine years of age, [Petitioner] would rub lotion on Victim One's bottom and insert his penis into Victim One's anus. When Victim Two was between four and twelve years of age, [Petitioner] often woke her at night and inserted his finger in her vagina or made her suck or rub his penis. Twice, he tried to insert his penis in her vagina and once, he stuck a pen in her vagina. Eventually, Victims One and Two told their mother about [Petitioner]'s behavior, and she called the police.
> The State charged [Petitioner] with one count of attempted statutory rape in the first degree and five counts of statutory sodomy in the first degree. The trial court held a three-day jury trial. During the first stage, Catherine Crowley, the

1

assistant prosecuting attorney who tried the case against [Petitioner], presented the testimony of several witnesses including Victim One, Victim Two, and the victims' mother. [Petitioner] testified in his own defense, acknowledging that he had previously pleaded guilty to endangering the welfare of a child based on conduct occurring in 2004. He denied the allegations against him in this case, stating that he never touched either victim inappropriately. On cross-examination, [Petitioner] again admitted that he had pleaded guilty to endangering the welfare of a child. At the conclusion of the first stage of trial, the jury found [Petitioner] guilty of attempted statutory rape in the first degree and four counts of statutory sodomy in the first degree.

During the punishment stage,[1] Ms. Crowley presented the testimony of Victim One, Victim Two, the victims' mother, and [Petitioner]'s biological daughter. During her opening statement, Ms. Crowley told the jury that [Petitioner] had previously "pled guilty to endangering the welfare of a child in the first degree. He had originally been charged with statutory sodomy in the first degree. There was a plea bargain . . . . The victim in that case was his natural daughter . . . ." [Petitioner]'s daughter testified that when she was about thirteen years of age, [Petitioner] touched her vagina and asked if he could "put his mouth on [her] vagina." During closing argument, Ms. Crowley asked the jury to sentence [Petitioner] to life imprisonment because [Petitioner] already "had a second chance." Following the presentation of evidence, the jury assessed and declared punishment as life imprisonment for each conviction.

On April 28, 2010, the trial court orally pronounced its order, judgment, and sentence, imposing five concurrent terms of life imprisonment.

Resp't. Ex. I at 1-3 (footnotes omitted).[2]

In his direct appeal, Petitioner raised only one point of trial error: that the trial court erred when it allowed the State to present improper character evidence in the punishment phase that Petitioner had previously sexually molested his daughter. Resp't Ex. B at 12. The Missouri Court of Appeals affirmed the conviction and sentence. Resp't Ex. E at 1-4. Petitioner subsequently filed a *pro se* Rule 29.15 motion for post-conviction relief. Resp't Ex. F at 6-10. Through

---

[1] Pursuant to Mo. Rev. Stat. § 557.036, the trial proceeded in two stages. In the first stage, the jury determined whether Petitioner was guilty of the charged offenses; in the second stage, the jury assessed and determined punishment. *See* Resp't Ex. I at 2 n.1.

[2] Petitioner's sentence for attempted statutory rape was later vacated and remanded for re-sentencing, and Petitioner's conviction and sentence on one statutory sodomy count were later vacated. *See* Resp't Ex. I at 3-4 n.4. Those decisions are not relevant to the instant petition.

appointed counsel, Petitioner subsequently filed an amended motion for post-conviction relief, asserting one claim of sentencing error and four different claims of ineffective assistance of trial counsel. Resp't Ex. F at 32-69. On October 3, 2012, after an evidentiary hearing, the motion court found the claim of sentencing error to be meritorious and vacated a portion of Petitioner's sentence, but it denied Petitioner's claims of ineffective assistance of trial counsel. Resp't Ex. F at 93-98. Petitioner appealed the motion court's denial of one of his ineffective assistance claims (failure to move to disqualify the Jefferson County Prosecuting Attorney's Office), and the Missouri Court of Appeals affirmed the motion court's decision. Resp't Ex. I.

On September 14, 2014, Petitioner filed his *pro se* petition in the instant action. Petitioner raised four claims: (1) violation of his due process rights based on the trial court's decision to allow the prosecution to present improper character evidence in the punishment phase; (2) ineffective assistance of trial counsel based on (a) the failure to move to disqualify the Jefferson County Prosecuting Attorney's Office and request the appointment of a special prosecutor, and (b) the failure to call impeachment witness Joan Bryan during the penalty phase of the trial; (3) prosecutorial misconduct based on the prosecutor's prejudicial argument and comments during the penalty phase; and (4) violation of Petitioner's due process rights based on the trial court's failure to instruct the jury that it could convict him of a lesser included offense. Respondent filed a response (Doc. 17), and Petitioner filed a traverse (Doc. 22).

Petitioner also filed a Motion to Hold Habeas Corpus Petition in Abeyance, in which he asks the Court to stay this case to permit him to return to state court to present his unexhausted claims. (Doc. 23). The Court will begin by addressing the motion to hold habeas corpus petition in abeyance.

## II. MOTION TO HOLD HABEAS CORPUS PETITION IN ABEYANCE

A petitioner must exhaust his or her state law remedies before a federal court may grant relief on the merits of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Petitioner acknowledges that some of the claims in his petition have not been properly presented to the state court, suggests that those claims have not been exhausted, and asks this Court to stay the present action to permit him to return to state court to exhaust those claims. Petitioner is apparently asking the Court to use the "stay and abeyance" procedure outlined in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005), under which a district court confronted with a habeas petition containing both exhausted and unexhausted claims may stay the federal habeas action to permit the petitioner to present his unexhausted claims to the state courts before returning to federal court. *Id.*

No stay and abeyance is appropriate here, because Petitioner has no remaining nonfutile state court remedies and therefore has satisfied the exhaustion requirement. "[I]f no state court remedy is available for [an] unexhausted claim–that is, if resort to the state courts would be futile–then the exhaustion requirement in [28 U.S.C.] § 2254(b) is satisfied," though the claim may have been procedurally defaulted in state court. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). *See also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his claims in state court meets the technical requirements for exhaustion; there are no state remedies 'available' to him."); *Winfield v. Wallace*, No. 4:15-CV-959 CAS, 2015 WL 9489508, at *2-*3 (E.D Mo. Dec. 30, 2015) (denying motion to stay and abey because Petitioner had no non-futile state court remedies left to exhaust). In such cases, a stay and abeyance is unnecessary, and the federal district court must instead consider whether the claim has been

procedurally defaulted and, if so, whether the default may be excused. *Armstrong*, 418 F.3d at 926.

Here, as to those claims Petitioner did not present to the state courts, there are no currently available, non-futile remedies by which Plaintiff could obtain review in the state court. Petitioner's motion for post-conviction relief and appeal have already been fully resolved by the state courts, and successive motions for post-conviction relief are not permitted. *See* Rule 29.15(l). Petitioner suggests that he was "abandoned" by counsel, which would permit the motion court to reopen a post-conviction judgment. *See Spencer v. Missouri*, 255 S.W.3d 527 (Mo. Ct. App. 2008) (once thirty days have passed since entry of judgment on motion for post-conviction relief, the motion court "has no jurisdiction to consider reopening a post-conviction judgment, except to address claims of abandonment by post-conviction counsel"). "Abandonment by post-conviction counsel occurs when: '(1) when post-conviction counsel fails to file an amended motion and the record shows the movant was deprived of meaningful review of the claims; or (2) when post-conviction counsel files an untimely amended motion.' " *Eastburn v. Missouri*, 400 S.W.3d 770, 774 (Mo. 2013) (quoting *Moore v. Missouri*, 328 S.W.3d 700, 702 (Mo. 2010), *see also Gehrke v. Missouri*, 280 S.W.3d 54, 57 (Mo. 2009). Here, however, Petitioner's post-conviction counsel filed both a timely amended motion and a timely appeal from the denial of that motion, so no abandonment occurred.

Petitioner also suggests that he needs to return to state court to file a state habeas petition under Mo. Sup. Ct. Rule 91. However, "Rule 91 is not a part of Missouri's established appellate review process and such a petition would not satisfy the exhaustion requirement of 28 U.S.C. § 2254." *Winfield*, 2015 WL 9489508, at *3 n.5 (citing *Poison v. Bowersox*, 595 F.3d 873, 875 (8th Cir. 2010)). Moreover, Petitioner has no non-futile claim under Rule 91. "[I]f a petitioner

5

fails to raise a claim for relief that could have been asserted in an appeal or in a post-conviction motion, the petitioner normally is barred from raising the claim in a subsequent petition for writ of habeas corpus [under Rule 91]." *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516 (Mo. 2010); *see also State ex rel. Green v. Moore*, 131 S.W.3d 803, 805 (Mo. 2004). To obtain relief under Rule 91, a petitioner must show "a jurisdictional defect, cause for failing to timely raise the . . . constitutional defect and prejudice resulting from the defect, or manifest injustice such as either a freestanding or a gateway claim of actual innocence." *State ex rel. Woodworth v. Denney*, 396 S.W.3d 330, 337 (Mo. 2013). To demonstrate cause and prejudice, the petitioner must show "that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable." *Id. (*quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). *See also State ex rel. Clemons v. Larkins*, 475 S.W.3d 60, 76 (Mo. 2015). Petitioner does not allege a jurisdictional defect, does not assert that the factual or legal basis for any claim was not reasonably available to him, and does not suggest any basis for finding that a manifest injustice would result if his claim were not considered.

Because Petitioner has no non-futile state court remedies by which he can present his claims, he has met the technical requirements for exhaustion, and a stay and abeyance is not appropriate. Therefore, the motion to hold this case in abeyance will be denied.

### III. LEGAL STANDARDS

#### A. Standard for Reviewing Claims on the Merits

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by AEDPA [the

Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

## B. Procedural Default

To preserve a claim for federal habeas review, a state prisoner must present that claim to the state court and allow that court the opportunity to address the claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992) and *Abdullah v. Groose*, 75 F.3d 408, 41 (8th Cir. 1996) (en banc)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "'present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

## IV. DISCUSSION

### A. Ground One: Improper Character Evidence

In Ground One, Petitioner argues that the trial court abused its discretion by allowing the prosecution to present character evidence in the punishment phase, in violation of his right to due process and a fair trial. Specifically, Petitioner objects to the presentation of his daughter's

8

testimony that Petitioner had sexually molested her and to several of the prosecutor's comments about that testimony, including the prosecutor's comments that Petitioner had previously been charged with statutory sodomy but pleaded to endangering the welfare of a child and that he had already "had his second chance." Petitioner raised this claim in his direct appeal, and the Missouri Court of Appeals considered it and rejected it on the merits. Resp't Ex. E at 1-4.

To the extent that Petitioner's claim is that the trial court erred in ruling on an evidentiary matter or in permitting the prosecutor to make an improper remark, the claim is not cognizable for purposes of habeas review. "Rules of evidence and trial procedure are usually matters of state law. A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." *Bucklew v. Luebbers*, 436 F.3d 1010, 1018 (8th Cir. 2006) (quoting *Adail v. Wyrick*, 711 F.2d 99, 102 (8th Cir. 1983)). The Eighth Circuit has found that "there is no due process violation simply because a trial court admits evidence of a defendant's uncharged bad acts." *Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir. 1999). Instead, to show a federal due process violation, the habeas petitioner "must show that the alleged error rendered the entire trial fundamentally unfair—that there is a reasonable probability that the error complained of affected the outcome of the trial—i.e., that absent the alleged impropriety, the verdict probably would have been different." *Id.* (quoting *Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991)).

The Missouri Court of Appeals' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. A review of the record does not suggest that the introduction of the challenged evidence and argument during the penalty phase rendered Petitioner's entire trial unfair and rose to the level of

a due process violation. Missouri law expressly permits the introduction of evidence concerning "the history and character of the defendant" during the penalty phase of trial. *See* Resp't Ex. E at 2 (citing Mo. Rev. Stat. § 557.036.3 (2003)). That evidence may include evidence of criminal conduct for which a defendant was never convicted, provided that the conduct is proven by a preponderance of the evidence. *Id.* at 2 (citing *State v. Fassero*, 256 S.W.3d 109, 119 (Mo. 2008)). The Missouri Court of Appeals analyzed the facts here in light of this Missouri law and concluded that the evidence was properly admitted, and this Court cannot second-guess that decision. *See Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012) ("We do not second-guess the decision of a Missouri state court on Missouri law."); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions."). Moreover, although the evidence about Petitioner's daughter may well have been inflammatory, when the record as a whole is considered, Petitioner cannot show a reasonable likelihood that his sentence would have been different absent the introduction of that evidence. Petitioner's daughter was not the only witness to testify in Petitioner's case. The jury heard detailed testimony from two other victims and their mother, both during trial and during the penalty phase. One victim testified that when the victim was between the ages of nine and twelve, Petitioner rubbed lotion on the victim and inserted Petitioner's penis into his anus. Resp't Ex. A at 268-70.[3] The other victim testified that when she was between the ages of four and fourteen, Petitioner often woke her at night, inserted his finger or other objects in her vagina, or made her suck or rub his penis. *Id.* at 323-42. In light of all of the detailed testimony from Petitioner's victims and the nature of his crimes, Petitioner cannot show a reasonable likelihood that his sentence would have been different absent the

---

[3] For Respondent's Exhibit A, the page numbers cited refer to the page numbers of the electronically filed document.

prosecution's introduction of evidence regarding the incidents with his daughter, and so he cannot show that the Missouri Court of Appeals' adjudication of his claim was contrary to federal law. Thus, Ground One will be denied.

### B. Ground Two: Ineffective Assistance of Counsel—Failure to Move to Disqualify the Jefferson County Prosecuting Attorney's Office and Failure to Call Impeachment Witness During Penalty Phase

In Ground Two, Petitioner claims that his trial counsel was ineffective for two reasons. First, he argues that his trial counsel was ineffective based on his failure to move to disqualify the Jefferson County Prosecuting Attorney's Office ("JCPAO") due to a conflict of interest and request a special prosecutor handle the case instead. Second, he argues that his trial counsel was ineffective based on a failure to call impeachment witness Joan Bryan to testify regarding statements Petitioner's daughter made during the penalty phase. The Court will address the two ineffective assistance claims presented in Ground Two separately.

*1. Failure to Move to Disqualify the JCPAO and Request a Special Prosecutor*

Petitioner first argues that his trial counsel should have moved to disqualify the JCPAO because the Jefferson County Prosecutor, Forrest Wegge, represented Petitioner in a previous case in which he was charged with acts related to allegations of abuse of his daughter. Petitioner argues that Mr. Wegge gained information through his former representation that his office could use to Petitioner's disadvantage. Petitioner raised this claim in his post-conviction motion in state court, the motion court denied the claim after an evidentiary hearing, and the Missouri Court of Appeals affirmed the judgment of the motion court. *See* Resp't Ex. I.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show ineffective assistance of counsel, Petitioner must show both that "[his] counsel's performance was deficient" and that "the

deficient performance prejudiced [his] defense." 466 U.S. at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). To show deficient performance, Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted). To show prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 131 S. Ct 1388, 1410 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance," *Bell*, 535 U.S. at 698-99. "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

A review of the record shows that the Missouri Court of Appeals did not apply *Strickland* to the facts of this case in an objectively unreasonable manner. The Missouri Court of Appeals properly noted that the *Strickland* analysis applied. Resp't Ex. I, at 6. With respect to the first prong, the court first reviewed the record and found that a motion to disqualify under Mo. Rev.

Stat. § 56.110 would likely have failed, because the evidence showed that Mr. Wegge had minimal contact with both Petitioner's prior case and the case at issue and because there was no evidence that any confidential information from Petitioner's prior case was (or could have been) used against Petitioner. *Id.* at 7-8. This was a reasonable conclusion in light of the record, and in any case, the Court may not second-guess the state court's finding that such a motion would have been unsuccessful under Missouri law. *See Arnold*, 675 F.3d at 1086; *see also Estelle*, 502 U.S. at 67-68. The Missouri Court of Appeals also reasonably found that the decision not to file the motion constituted a reasonable trial strategy, noting among other things trial counsel's testimony that he thought it would be best not to file such a motion because based on his experience, a special prosecutor would be "much more difficult to deal with" than the JCPAO. *Id.* at 9. Finally, with regard to the second prong of *Strickland*, the Missouri Court of Appeals reasonably found that Petitioner could not establish prejudice, because Petitioner offered nothing other than his own speculation that prosecution by a different prosecutor would have led to a different result. *Id.* at 10.

Because the Missouri Court reasonably applied *Strickland* in evaluating this claim, this portion of Ground Two will be denied.

### 2. *Failure to Call Impeachment Witness During Penalty Phase*

Petitioner also argues that his trial counsel was ineffective based on his failure to call Joan Bryan as a witness during the penalty phase to testify regarding contradicting statements made by his daughter. Petitioner raised this claim in his motion for post-conviction relief, Resp't Ex. F at 45-51, but he did not raise it in the appeal from the denial of that motion, Resp't Ex. G. Therefore, it is procedurally defaulted. *See Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) ("Failure to raise a claim on appeal from the denial of a post-conviction motion erects a

procedural bar to federal habeas review."); *see also Arnold*, 675 F.3d at 1086-87 ("In Missouri, 'a claim must be presented at each step of the judicial process in order to avoid default.'") (quoting *Jolly*, 28 F.3d at 53)). As discussed above, Petitioner can overcome such a procedural default only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Reading Petitioner's pleadings broadly, Petitioner appears to suggest that ineffective assistance of his post-conviction counsel in not raising this ineffective assistance claim at the appellate level constitutes "cause" for the procedural default of this claim. That argument is without merit. Although ineffective assistance of post-conviction counsel may constitute cause for the failure to raise a claim in an initial post-conviction proceeding, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), ineffective assistance of post-conviction appellate counsel does not constitute cause to excuse a state procedural default. *See Arnold*, 675 F.3d at 1087 ("*Martinez* offers no support, however, for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause.").

Moreover, even if Petitioner could overcome the procedural bar, this claim would fail on its merits. The motion court found that Ms. Bryan could not have testified about the information she obtained from Petitioner's daughter while working as a guardian ad litem, because she was bound by court rules from revealing such information. Resp't. Ex. F at 94-95. It further found that trial counsel was not ineffective for failing to call Ms. Bryan as a witness, because a reasonably competent attorney would have recognized that asking Ms. Bryan to violate court rules and codes of professional conduct by revealing that confidential information would have been a problem. Resp't Ex. F at 96. Particularly in light of *Strickland*'s deferential standards, it

14

was not objectively unreasonable for the motion court to find that Petitioner's trial counsel was not ineffective for failing to call a witness who could not have testified without violating court rules.

For all of the above reasons, Ground Two is denied in its entirety.

### C. Ground Three: Prosecutorial Misconduct—Prejudicial Comments and Argument During Penalty Phase

Petitioner argues in Ground Three that the prosecution's prejudicial comments and arguments during the penalty phase amounted to prosecutorial misconduct and violated his right to due process and a fair trial. In particular, Petitioner points to the prosecutor's statement, "But most importantly, [Petitioner's daughter] is going to come in here today and this is for [Petitioner's daughter] . . . several years ago justice wasn't done at all. [Petitioner's daughter] got kicked to the curb." Doc. 1 at 8. Petitioner did not raise this claim in his direct appeal or in post-conviction proceedings. Thus, this claim is procedurally defaulted and Petitioner is barred from raising it on habeas review unless he can demonstrate cause and prejudice or can show that failure to consider the claim will result in a fundamental miscarriage of justice. *See, e.g.*, *Arnold*, 675 F.3d at 1087 ("In Missouri, a claim must be presented 'at each step of the judicial process in order to avoid default'") (quoting *Jolly*, 28 F.3d at 53); *Skillicorn v. Luebbers*, 475 F.3d 965, 976 (8th Cir. 2007) (constitutional claim not properly presented to Missouri courts was procedurally defaulted and could not be reached by federal habeas court absent a showing of cause and prejudice).

In a supplement to his traverse, Petitioner appears to argue that cause for the default exists because during the direct appeal phase, he was in a diagnostic center and did not have access to a law library and barely had access to a phone and writing materials. *See* Doc. 27, at 2. However, Petitioner was represented by counsel, who was fully capable of presenting Petitioner's

meritorious claims. Moreover, the correspondence submitted by Petitioner shows that he was able to communicate with his counsel by letter during the appeals process. *See* Doc. 27-1. Thus, Petitioner's presence in the diagnostic center does not constitute cause for his failure to present this claim to the state court.

Petitioner also appears to suggest that ineffective assistance of his direct appeal counsel in not raising the claim of trial error constitutes cause for the procedural default of this claim. He notes that his attorneys were state public defenders and that "state public defenders will not raise all claims even if meritable from fear that the state court will chastise their license," Doc. 27, at 2. Ineffective assistance of direct appeal counsel may constitute "cause" to excuse a procedural default, but only if the petitioner properly raised the claim of ineffective assistance of direct appeal counsel in appropriate state court proceedings. *See Edwards*, 529 U.S. at 450-54. In Missouri, claims of ineffective assistance of trial or appellate counsel must be brought through a Rule 29.15 motion for post-conviction relief. Mo. Sup. Ct. Rule 29.15(a). An ineffective assistance of counsel claim is procedurally defaulted if a petitioner fails to raise it in a Rule 29.15 motion or fails to raise it in the appeal from the denial of such a motion. *See Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006).

Here, Petitioner raised a claim of ineffective assistance of direct appeal counsel related to this issue in his *pro se* motion for post-conviction relief. Resp't Ex. F at 6-10. However, his post-conviction relief counsel did not include it in the amended Rule 29.15 motion for post-conviction relief, Resp't Ex. J at 33-51, or in the appeal from the denial of that motion, Resp't Ex. K at 11-13. Therefore, the claim of ineffective assistance of direct appeal counsel was never properly before the Missouri courts, is procedurally defaulted, and cannot constitute cause for the default of Ground Three. *See Interiano*, 471 F.3d at 856-57 (claim included in *pro se* motion for post-

conviction relief under Rule 29.15 but not included in amended motion by appointed counsel or in appeal from denial of that motion is procedurally defaulted); *see also Wills v. Missouri*, 321 S.W.3d 375, 386-87 (Mo. Ct. App. 2010) (under Missouri law, an amended motion for post-conviction relief supersedes a previous *pro se* motion, and claims included in a *pro se* motion for post-conviction relief but not in a subsequent amended motion are "not properly before the motion court because they [a]re a nullity").

Even if Petitioner could overcome the procedural bar, this claim would fail on its merits. "'As a general rule, prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render [a] petitioner's conviction a denial of due process.'" *Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) (quoting *Louisell v. Dir. of Iowa Dept. of Corr.*, 178 F.3d 1019, 1023 (8th Cir. 1999)). "To amount to a due process violation, improper remarks by a prosecutor must be 'so egregious that they fatally infect[] the proceedings and render[] [a defendant's] entire trial fundamentally unfair.'" *Id.* (quoting *Moore v. Wyrick*, 760 F.2d 884, 886 (8th Cir. 1985)). To satisfy this standard, "[a] petitioner 'must show that there is a reasonable probability that the error complained of affected the outcome of the trial—i.e., that absent the alleged impropriety the verdict probably would have been different.'" *Id.* (quoting *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995)).

As discussed above with respect to Ground One, Petitioner cannot show that the prosecutor's comments during the penalty phase concerning his abuse of his daughter were so egregious that they rendered Petitioner's entire trial fundamentally unfair or that absent the remarks, there is a reasonable probability that Petitioner would have received a different sentence. As discussed above, the evidence from Petitioner's daughter regarding Petitioner's past abuse of her was admissible under Missouri law at the penalty phase, and it was not egregious

17

error for the prosecution to discuss that admissible testimony. Moreover, as discussed with respect to Ground One, although these comments may well have been inflammatory, Petitioner cannot show any reasonable likelihood that his sentence would have been different absent the prosecutor's comments. As noted above, even without the prosecution's remarks, the jury still had the victims' testimony regarding Petitioner's repeated abuse, the victims' mother's testimony, and all other evidence presented in making their sentencing determination. In light of all of the detailed testimony from Petitioner's victims and the nature of his crimes, Petitioner cannot show a reasonable likelihood that Petitioner's sentence would have been different absent the prosecution's introduction of evidence regarding the incidents with his daughter. Therefore, Ground Three will be denied.

**D. Ground Four: Sentencing Error—Failure to Instruct Jury on Lesser Included Offense**

In Ground Four, Petitioner argues the trial court erred by not informing the jury that they could make a decision of guilt of a lesser included offense in violation of his due process rights and fair trial. This claim is procedurally defaulted due to Petitioner's failure to properly raise it in his direct appeal. Missouri requires the raising of constitutional claims at the first available opportunity. *See In re J.M.N.*, 134 S.W.3d 58, 73 (Mo. Ct. App. 2004); *Jefferson v. McSwain*, No. 4:13-CV-542-ACL, 2016 WL 160639, at *5 (E.D. Mo. Jan. 14, 2016). Here, Petitioner was aware of the facts underlying this claim at the time of his trial, and he could have raised this claim on direct appeal. However, he did not do so. *See* Resp't Ex. B. Thus, the claim is procedurally defaulted and can be addressed only if Petitioner shows cause and prejudice or that a fundamental miscarriage of justice would result from the failure to address the claim.

As with Ground Two, Petitioner appears to argue that his direct appeal counsel's failure to raise this claim constitutes "cause" to excuse the procedural default. *See* Doc. 27, at 2.

However, because Petitioner did not raise that claim in in his amended motion for post-conviction relief or in the appeal from the denial of his motion for post-conviction relief, Resp't. Ex. G, it is procedurally defaulted and cannot constitute cause to excuse a default of another claim. *See Edwards*, 529 U.S. 450-54; *Interiano*, 471 F.3d at 856.

Even if Petitioner could overcome his procedural default, Ground Four would fail on its merits. The Supreme Court has never held that there is a constitutional requirement that lesser-included offense instructions be given in noncapital cases. *See Carney v. Fabian*, 487 F.3d 1094, 1097 (8th Cir. 2007). The Eighth Circuit has "held that 'the failure to give a lesser-included offense instruction in a noncapital case rarely, if ever, presents a constitutional question.'" *Green v. Groose*, 959 F.2d 708, 709 (8th Cir. 1992) (quoting *Pitts v. Lockhart*, 911 F.2d 109, 112 (8th Cir. 1990)). Because Petitioner has not identified any federal right that was violated, this claim fails. *See, e.g., Randell v. Norman*, No. 4:12CV01020 AGF, 2015 WL 1456977, at *4 (E.D. Mo. March 30, 2015) (petitioner's claim that his constitutional rights were violated by the trial court's refusal of his proffered instruction on a lesser included offense failed because there was no constitutional requirement to give lesser-included offense instructions). Ground Four fails on the merits and will be denied.

## V. CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that

issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that reasonable jurists could not differ on Petitioner's claim, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Hold Habeas Corpus Petition in Abeyance (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of March, 2016.